UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

SHAWN CANADA,

                                                Civil No. 23-2704 (JRT/JFD)

                Petitioner,

v.

                                       **ORDER AFFIRMING MAGISTRATE**

STATE OF MINNESOTA, et al.,             **JUDGE'S DENIAL OF PLAINTIFF'S**
                                           **APPLICATION TO PROCEED** *IN FORMA*

                Respondents.                                   ***PAUPERIS***

---

        Shawn Canada, OID #233817, Minnesota Correctional Facility - Rush City, 7600 525th Street, Rush City, MN 55069, *pro se* Petitioner.

        Plaintiff Shawn Canada, who is incarcerated, initiated this action against the State of Minnesota and various prison officials and staff ("Defendants"), asserting that they violated his civil rights. Magistrate Judge John F. Docherty issued an Order denying Canada's application to proceed *in forma pauperis* ("IFP") because Canada has accrued "three strikes" within the meaning of the Prison Litigation Reform Act of 1996 ("PLRA"). Canada appeals the Magistrate Judge's Order, arguing that the imminent-danger-of-serious-physical-injury exception ("imminent danger exception") to the "three strikes" rule applies under 28 U.S.C. § 1915(g) because he is in imminent danger of serious physical injury. Because Canada has accrued three strikes and has not shown imminent danger, the Court will deny Canada's appeal, affirm the Magistrate Judge's Order, and require

Canada to pay the full filing fee within the time permitted by this Order, or his case will be dismissed without prejudice for failure to prosecute.

## BACKGROUND

Canada filed a complaint against various prison officials alleging violations of his civil rights under 42 U.S.C. § 1983 and the Fourteenth Amendment of the U.S. Constitution. (*See generally* Compl., Sept. 1, 2023, Docket No. 1.)[1] In his 186-page complaint, Canada argues that Defendants violated his constitutional rights by withholding information concerning Canada's mental health from the Court and forcing Canada to lose over 25 jobs. (*See id.* at 25–26.) Canada seeks various money damages to remedy alleged extension of his incarceration, previous arrests, various housing issues, loss of unemployment, loss of food stamps, and other harms. (*See id.* at 24, 50–57.) Canada applied to proceed IFP in this action. (Appl. to Proceed Without Prepaying Fees or Costs, Sept. 1, 2023, Docket No. 2.)

Upon reviewing Canada's IFP application, the Magistrate Judge found that Canada is a prisoner subject to the PLRA, which places certain restrictions on his ability to obtain IFP status. (Order Den. Appl. ("Order"), at 1, Sept. 6, 2023, Docket No. 3.) Specifically, the Magistrate Judge determined that Canada has already filed three actions in the District of Minnesota that were dismissed and qualify as "strikes" under the PLRA. (Order

---

[1] All citations to the record are to Civil No. 23-2704 unless otherwise indicated.

at 2; *see also* Civil No. 21-2388, Order Den. Appl., at 2, November 2, 2021, Docket No. 4.) The Magistrate Judge concluded that Canada has not established imminent danger of serious physical injury, so the imminent danger exception under § 1915(g) does not apply. (Order at 2.) Accordingly, the Magistrate Judge found that § 1915(g) bars Canada from proceeding IFP in this litigation and denied his application on that basis. (*Id.*) Canada now appeals the Magistrate Judge's denial of his IFP application. (Pl.'s Appeal, Oct. 2, 2023, Docket No. 6.)

### DISCUSSION

**I. STANDARD OF REVIEW**

"The standard of review that is applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential." *Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 235 (D. Minn. 2013); *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). The Court will reverse such an order only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3)(A). For an order to be clearly erroneous, the district court must be "left with the definite and firm conviction that a mistake has been committed." *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (citations omitted). "[T]he district court has inherent power to review the final decision of its magistrates." *Bruno v. Hamilton*, 521 F.2d 114, 116 (8th Cir. 1975).

A document filed by a pro se litigant is to be liberally construed and must be held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

## II.   IFP APPLICATION

An incarcerated person who is unable to pay the filing fee for a civil action in federal court may apply for IFP status. *See* 28 U.S.C. § 1915(b). IFP status does not mean that an incarcerated person is entitled to a full waiver of the filing fee. *Id.* § 1915(b)(1). Instead, IFP status merely permits an incarcerated person to pay the full filing fee in installments over a specified period. *Id.* § 1915(b)(2). A Magistrate Judge's denial of an IFP application is a nondispositive matter that is reviewed only for clear error. *See, e.g.*, *Perry v. Bos. Sci. Fam.*, No. 13-733, 2013 WL 6328760, at *2 (D. Minn. Dec. 5, 2013).

The PLRA includes a "three strikes" provision that places restrictions on an incarcerated person's ability to obtain IFP status.[2] Specifically, the PLRA provides that an

---

[2] The provision states,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, **unless the prisoner is under imminent danger of serious physical injury**.

28 U.S.C. § 1915(g) (emphasis added).

incarcerated person who has, on three or more occasions, brought an action in federal court that was dismissed because it was "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted" is not entitled to IFP status.  28 U.S.C. § 1915(g).  The only exception is if the incarcerated person is "under imminent danger of serious physical injury."  *Id.*

The Eighth Circuit has held that the PLRA's imminent danger exception only applies if the requisite danger exists at the time that the complaint is filed, not when the alleged wrongdoing occurred.  *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).  Moreover, a mere "general assertion" of imminent danger of serious physical injury is insufficient to invoke the exception—there must be "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  *Id.*

Canada acknowledges that the PLRA applies to him and that he has "struck out" of federal court pursuant to § 1915(g).  (*See* Compl. at 25.)  Canada only challenges the determination that the imminent danger exception does not apply because he "is at risk of suffering more physical injuries in the immediate future."  (*See id.*)

The Court finds no clear error in the Magistrate Judge's determination that § 1915(g) bars Canada from proceeding IFP in this action, and that the imminent danger exception does not apply.  Canada's allegation that he is at risk of imminent or serious physical injury is merely a "general assertion," lacking any specific facts of ongoing

physical injury or a "pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin*, 319 F.3d at 1050. A general assertion is insufficient to qualify under Section 1915(g)'s imminent danger exception. For this reason, Canada's complaint fails to satisfy the imminent danger exception under 28 U.S.C. § 1915(g).[3]

**CONCLUSION**

Because Canada's Complaint fails to satisfy the imminent danger exception to 28 U.S.C. § 1915(g), Canada's IFP application is barred under the "three strikes" rule. The Court will therefore deny Canada's appeal, affirm the Magistrate Judge's Order denying Canada's IFP application, and require Canada to pay the full filing fee within the time permitted by this Order, or his case will be dismissed without prejudice for failure to prosecute.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Appeal of Magistrate Judge Decision denying Plaintiff's application to proceed *in forma pauperis* (Docket No. 6) is **DENIED**;

---

[3] The Court's finding that Canada may not proceed IFP in this action does not mean that his suit is barred, but that he must pay the filing fee for his suit to continue. As explained by the Magistrate Judge, if Canada does not pay the necessary filing fees, his claims will be dismissed for failure to prosecute.

2. The Magistrate Judge's September 6, 2023 Order (Docket No. 3) is **AFFIRMED**; and

3. Plaintiff has sixty (60) days from the date of this Order to make payment of the full $402 filing fee for this action, failing which this action will be dismissed without prejudice for failure to prosecute.

DATED: October 26, 2023
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge