UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

SHAWN CANADA,

          Plaintiff,

v.

STATE OF MINNESOTA; PAUL SCHNELL, in his official capacity as the Commissioner of the Minnesota Department of Corrections; ANDREW KARLSEN; ZACH GAHM; ROGER CARR; CHAD MITSCH; SCOTT ROFFERS; WILLIAM MCDONALD; MICHAEL ROGOSHESKE; TARA RATHMAN; and KRISTIN LANG, in their official capacity as the Staff of Hearing and Release Unit of Minnesota Dept of Corrections Officers; ALEX BUNGER, in his official capacity as the Chief Probation/Parole Officer of Olmstead County Corrections; ROBYN WOOD; MARY EICHTEN; and SARAH SOMMER, as the Olmstead County Parole/Probation Officers in their official capacity; TRAVIS GRANSEE; PAUL FLESSNER; MATHIAS ANHONY; and DOUG NELSON, in their official capacity as Staff Members Probation/Parole Officers of Olmsted County Corrections; DAN SEPEDA and DAN STEHR, in their official capacity as Staff Members of Damascus Way; DAVE TOLER, in his official capacity as staff member of Raleigh County Corrections, Parole/Probation; SHERRY BUSH, in her official capacity as Detective of Rochester Police Dept; CHRIS NEWLIN; STEPHEN MONTRY; and ALEXANDER DAVIS, in their official

Case No. 23-CV-2704 (JRT/JFD)

**REPORT AND RECOMMENDATION**

1

capacity as Directors and Staff of Twin Town Treatment Center; SARAH GORR, in her official capacity as Assistant Director of Twin Town Treatment Center; CORPORAL MOORE, in his official capacity as an Officer of West Virginia State Troopers; MARK OSTREM and LAURIE ANDERSON, in their official capacity as Attorney of Prosecution in Olmstead County; JODI WILLIAMSON and KATHY WALLACE, in the official capacity as Judicial Officers of Olmsted County; DAVID HAUGEN, in his official capacity as a Public Defender of Olmsted County; STAFF MEMBER OF THE ST. PAUL POLICE SATION, in their official capacity as Law Enforcement Employees; ALL STAFF MEMBERS OF THE RAMSEY COUNTY DETENTION CENTER, in their official capacity as Staff of the Government of Minnesota and Olmsted County; ALL STAFF MEMBERS OF THE OLMSTED COUNTY DETENTION CENTER, in their official capacity as Part of the Government & County of Minnesota; EDDIES MILES, in his official capacity as the Warden of MCF/ St. Cloud – Prison; TRACEY BELTZ, in her official capacity as the Warden of MCF/ Faribault Prison; JESSE PUGH, in his official capacity as the Warden of MCF/ Rush City Prison; SHANNON REIMANN, in her official capacity as the Warden of MCF/ Lino-Lakes; KATHY HALVORSON, in her official capacity as the Warden of MCF/Oak Park Heights Prison; BILL BOLIN, in his official capacity as the Warden of MCF/Stillwater; AL GODFREY, in his official capacity as the Chief of Field Services of MN Dept of Corrections; REBECCA HOLMES LARSON, in her

official capacity in her official capacity as the Supervisor of Hearings & Release Unit of MN Dept of Corrections; RACHELLE ORUIS, in their official capacity as Health Services Employees of MCF/ Rush City MN Dept of Corrections; JESSICA OLSON, in their official capacity as Health Services Employees of MCF/ Rush City MN Dept of Corrections; CASSIE HALFACRE, in their official capacity as Health Services Employees of MCF/ Rush City MN Dept of Corrections; RACHEL BOND and SARA EUTEUNUER, in their official capacity s Appellate Public Defender's Employees of Minnesota; OLMSTED COUNTY CORRECTIONS; ROCHESTER POLICE DEPT; LAURA TRAUB, sued in their official capacity; JEREMY DOVERSPIKE, St. Paul Police Station Officer, sued their official capacity; RAMSEY COUNTY DETENTION CENTER; OLMSTED SHERIFF DEPT; OLMSTED COUNTY DETENTION CENTER; ZUMBRO VALLEY MENTAL HEALTH; BECKLEY POLICE STATION; SOUTHERN REGIONAL JAIL; OLMSTED COUNTY DEPT OF HUMAN SERVICES GROUP RESIDENTIAL HOUSING; OLMSTED COUNTY HUMAN SERVICES; MCF / ST. CLOUD; MCF / FARIBAULT; MCF / LINO LAKES; MCF / OAK PARK HEIGHTS; MCF / RUSH CITY; MCF / STILLWATER; MINNESOTA APPELLATE PUBLIC DEFENDER; and TWIN TOWN TREATMENT CENTER,

                Defendants.

In an order dated November 30, 2023, this Court directed Plaintiff Shawn Canada to pay the $402.00 filing fee for this matter by no later than January 26, 2024, failing which the Court would recommend that this action be dismissed without prejudice for failure to prosecute. (Dkt No. 15.) That deadline has now passed, and Mr. Canada has not paid the required filing fee. Accordingly, this Court now recommends, consistent with the warning previously given to Mr. Canada, that this action be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order."). All motions pending in this matter may be denied as moot in light of Mr. Canada's failure to prosecute.

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1. This action be **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 41(b) for failure to prosecute.

2. All pending motions (Dkt. Nos. 4, 5, 9, 11, 22, 27, 28) be denied as moot.

Dated: February 2, 2024          _s/ John F. Docherty_
                                  JOHN F. DOCHERTY
                                  United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).