UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| SHAWN CANADA, | |
| Plaintiff, | Civil No. 23-2704 (JRT/JFD) |
| v. | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION** |
| STATE OF MINNESOTA, et al., | |
| Defendants. | |

---

Shawn Canada, OID #233817, Minnesota Correctional Facility - Rush City, 7600 525th Street, Rush City, MN 55069, *pro se* Plaintiff.

Plaintiff Shawn Canada, who is incarcerated, initiated this civil rights action against the State of Minnesota and various prison officials ("Defendants"). Canada applied to proceed *in forma pauperis* ("IFP"). However, the Court denied the IFP application because Canada has accrued "three strikes" within the meaning of the Prison Litigation Reform Act of 1996 ("PLRA"), making him ineligible to obtain IFP status. (Order Affirming Denial of Appl. to Proceed IFP at 6, Oct. 26, 2023, Docket No. 8.) Magistrate Judge John F. Docherty directed Canada to pay the full $402 filing fee no later than January 26, 2024, otherwise the action may be dismissed for failure to prosecute. (Order Granting Mot. for Extension of Time at 2, Nov. 30, 2023, Docket No. 15.) Because that deadline has passed and Canada has not paid the required filing fee, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that this action be dismissed for failure to

prosecute.  (R. & R. at 4, Feb. 2, 2024, Docket No. 29.)  The Magistrate Judge also recommended that all pending motions be denied as moot.  (*Id.*)  Canada filed a "Motion for Appeal," which requests permission to appeal the Court's order affirming the Magistrate Judge's finding that Canada is ineligible for IFP status under the PLRA's "three strikes" rule.  (Mot. for Appeal at 1, Feb. 15, 2024, Docket No. 30.)  He argues that not permitting him to proceed IFP would be a manifest injustice.  (*Id.*)

As a threshold matter, the Court liberally construes Canada's "Motion for Appeal" as a timely objection to the R&R.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed.") (internal quotation marks omitted).  After a magistrate judge files an R&R, a party may "serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b).  "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections."  *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).  For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R.  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).  "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error."  *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

Because Canada's objections are not specific, the proper standard of review is for clear error. But even under a more accommodating standard of review, the Court would dismiss this action. The Court may dismiss an action under Federal Rule of Civil Procedure 41(b) if a plaintiff fails to prosecute or to comply with the federal rules or a court order. *Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008). Here, the Court instructed Canada to pay the full $402 filing fee by January 26 and warned Canada that failure to do so would result in dismissal. Because Canada did not pay the required filing fee, the Court finds no clear error in the Magistrate Judge's recommendation to dismiss this action for failure to prosecute. Accordingly, the Court will overrule Canada's objections, adopt the R&R, dismiss this action for failure to prosecute, and deny the pending motions in this matter as moot. Dismissal without prejudice means that Canada may refile a new complaint at a later date, though he will still need to pay the full $402 filing fee.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections to the Report and Recommendation [Docket No. 30] are **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation [Docket No. 29] is **ADOPTED**;

3. Plaintiff's Complaint [Docket No. 1] is **DISMISSED without prejudice** for failure to prosecute; and

4. All pending motions [Docket Nos. 4, 5, 9, 11, 22, 27, 28] are **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 22, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge