UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

SHAWN CANADA,

                                                   Civil No. 23-2704 (JRT/JFD)

             Plaintiff,

v.

                                            **MEMORANDUM OPINION AND ORDER**

STATE OF MINNESOTA, et al,                **DENYING PLAINTIFF'S POST-JUDGMENT**
                                                            **MOTIONS AND REQUESTS**

             Defendants.

---

Shawn Canada, OID #233817, Minnesota Correctional Facility - Rush City, 7600 525th Street, Rush City, MN 55069, *pro se* Plaintiff.

Plaintiff Shawn Canada responded to the Court's dismissal of his complaint by filing multiple post-judgment motions and requests in this civil rights action. He also filed a notice of appeal to the Eighth Circuit and an application to proceed in forma pauperis ("IFP") on his appeal. Because Canada's appeal is frivolous, the Court will deny his application to proceed IFP on appeal. The Court will also deny Canada's other outstanding motions and requests for lack of jurisdiction and because none of them present viable grounds for granting him relief post-judgment.

**BACKGROUND**

Canada, who is incarcerated, initiated this civil rights action against the State of Minnesota and various prison officials. (Compl., Sept. 1, 2023, Docket No. 1.) His application to proceed IFP was denied because he has accrued "three strikes" within the

meaning of the Prison Litigation Reform Act of 1996 ("PLRA"), making him ineligible for IFP status. (Order Affirming Magistrate Judge's Denial of Pl.'s Appl. to Proceed IFP ("Order Den. IFP") at 1, 6, Oct. 26, 2023, Docket No. 8.) When Canada failed to pay the full filing fee, the Court dismissed the action for failure to prosecute. (Order Adopting R. & R. at 4, Mar. 22, 2024, Docket No. 31.)

Canada has now filed multiple post-judgment motions and requests. He requests permission to add damages to his claim and to file motions for an in-person settlement hearing, a protective order against the defendants, and to be enrolled in the Minnesota witness program as a witness to racketeering activities.[1] (Req. Permission to Add Damages, Mar. 22, 2024, Docket No. 32; Req. Permission to File Mot. for Settlement Hr'g, Mar. 27, 2024, Docket No. 34; Req. Permission to File Mot., Mar. 28, 2024, Docket No. 36.) Canada also seeks permission to appeal his "three strikes" denial of IFP status to the Eighth Circuit. (Req. to File a Motion to Appeal, Mar. 29, 2024, Docket No. 37; Mot. to Req. Permission to File a Mot. for an Appeal and Clear Errors, Apr. 16, 2024, Docket No. 38.) Canada also alleges "clear errors" in the defendants' conduct, including, among others, that Zumbro Valley Mental Health released information to the Rochester police department without Canada's permission in violation of the Health Insurance Portability

---

[1] Assuming that Canada is referring to the Victim Witness Program, that program is operated through the United States Attorney's Office in the District of Minnesota, not the Court. *See Victim Witness Program*, United States Attorney's Office: District of Minnesota (Dec. 2, 2022), https://www.justice.gov/usao-mn/victim-witness.

and Accountability Act. (Mem. Supp. Mot. to Req. Permission to File a Mot. for an Appeal and Clear Errors at 1, Apr. 16, 2024, Docket No. 39.) Finally, Canada filed a notice of appeal to the Eighth Circuit appealing dismissal of his complaint and denial of IFP status in the district court.[2] (Notice of Appeal to 8th Cir., Apr. 16, 2024, Docket No. 41.) He also applied to proceed IFP on appeal. (Appl. to Proceed to Appeal IFP, Apr. 16, 2024, Docket No. 40.)

## DISCUSSION

First, the Court will consider Canada's application to proceed IFP on appeal. To be excused from paying the filing fee for an appeal in a federal case, a litigant may apply for IFP status under 28 U.S.C. § 1915. In doing so, the litigant must demonstrate that they cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, the Court will deny IFP status if the appeal is not taken in good faith. *Id*. § 1915(a)(3). In this context, good faith is determined by an objective standard, not by the appellant's subjective point of view. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. *Neitzke v.*

---

[2] Canada both seems to appeal the Court's dismissal of his complaint for failure to prosecute and the Court's denial of IFP status. (Req. to File a Mot. to Appeal at 2; Notice of Appeal to 8th Cir. at 1–2.) The Court will liberally construe Canada's filings and assume that he is appealing both decisions. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

*Williams*, 490 U.S. 319, 325 (1989).  An appeal is frivolous where "none of the legal points are arguable on their merits."  *Id.* (cleaned up).

Canada's appeal challenges whether the Court should have granted him IFP status even though he has accrued "three strikes" within the meaning of the PLRA.  The PLRA provides that an incarcerated person who has, on three or more occasions, brought an action in federal court that was dismissed because it was "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted" is not entitled to IFP status.  28 U.S.C. § 1915(g).  The only exception is if the incarcerated person is "under imminent danger of serious physical injury."  *Id.*

The Court and Canada agree that Canada has accrued three strikes.  (Order Den. IFP at 5–6; Req. to File a Mot. to Appeal at 2.)  Though, Canada continues to argue in conclusory fashion that he is "in imminent danger of slander, and defamation of character, and fraud, and another false arrest."  (Mot. to Req. Permission to File a Mot. for an Appeal and Clear Errors at 2–3.)  Canada contends that notwithstanding the PLRA prohibition, "there should be a better solution for people like me that have mental illness, and is a vulnerable adult with disabilities."  (Req. to File a Mot. to Appeal at 2.)  Without a doubt mental illness presents significant difficulties, however, the only exception to the three strikes rule is when the petitioner presents "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Because Canada has not provided such specific fact allegations in his appeal documents, his appeal of the Court's denial of IFP status is frivolous because it cannot be argued on its merits. Accordingly, the Court will deny Canada's application to proceed IFP on appeal.

The Court will deny Canada's other outstanding motions and requests because Canada's pending appeal divests the Court of jurisdiction. *State ex. rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999). In this case, Canada appealed the Court's order dismissing the action for failure to prosecute to the Eighth Circuit. While that appeal is pending, the Court lacks jurisdiction to consider other aspects of the case. As a result, the Court will deny Canada's outstanding motions and requests for lack of jurisdiction.

Even if the Court did have jurisdiction, it would deny Canada's motions and requests on the merits. Canada's various requests can be liberally construed as proposed amendments to his complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But the Court cannot grant these requests. The Court has already dismissed the action for failure to prosecute without prejudice, so Canada may refile his complaint with his proposed amendments so long as he pays the filing fee.

Finally, the Court will deny Canada's requests for permission to appeal the Court's order to the Eighth Circuit as moot. Canada need not seek permission to appeal; he need only file a notice of appeal, which he has already done. *See* Fed. R. App. P. 3 (explaining

that a litigant may appeal as of right from a district court to a court of appeals by timely filing a notice of appeal with the district court clerk).

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Request to Add Damages [Docket No. 32] is **DENIED**;

2. Plaintiff's Motion to Request Permission to File a Motion for Settlement Hearing [Docket No. 34] is **DENIED**;

3. Plaintiff's Request to File a Motion [Docket No. 36] is **DENIED**;

4. Plaintiff's Request to File a Motion to Appeal [Docket No. 37] is **DENIED**;

5. Plaintiff's Motion to Request Permission to File a Motion for an Appeal and Clear Errors [Docket No. 38] is **DENIED**; and

6. Plaintiff's Application to Proceed IFP on Appeal [Docket No. 40] is **DENIED**.

DATED:  May 24, 2024
at Minneapolis, Minnesota.

*John R. Tunheim*
JOHN R. TUNHEIM
United States District Judge